IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re | ) | |
| Norman D. Erickson | ) | Case No. 05-21933 |
| Carol W. Erickson | ) | Chapter 13 |
| Debtor(s) | ) | |

AMENDED CHAPTER 13 PLAN, POST CONFIRMATION, DATED 12/04/06

THIS PLAN CONTAINS EVIDENTIARY MATTERS WHICH, IF NOT CONTROVERTED, MAY BE ACCEPTED BY THE COURT AS TRUE. CREDITORS MAY OBJECT TO CONFIRMATION PURSUANT TO THE NOTICE PROVIDED WITH THIS PLAN. ABSENT ANY OBJECTION, THE COURT MAY ACCEPT THE VALUES AND ALLEGATIONS CONTAINED IN IT AND MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE.

The debtor(s) proposes the following plan and makes the following declarations:

1. Future Income. The debtor(s) will submit to the chapter 13 trustee the following future income and assets:

   A. Future earnings of $153.00 per month for an additional 44 months beginning with his December 20, 2006 payment. Debtor has already made 14 payments at $141.00 per month for a total of $1974.00 which together with this modification will bring the total number of plan payments to 58. The last payment may be adjusted to reflect the final amount due to be paid in to the plan.
   B. Collected and liquidated property proceeds of: NONE
   C. For purposes of determining disposable income, tax refunds to which the debtor(s) is entitled during the first 36 plan payments are deemed disposable income, unless otherwise ordered by the court, and will be submitted to the chapter 13 trustee.

2. Duration. The debtor(s) will make payments:
   for a period of 58 months. (At least 36 months); or
   for an extended period of N/A months for the following cause:

   Tax refunds received by the trustee shall be applied in reduction of claims to be paid through the plan to reduce the term of the plan to not less than 36 months, provided that all of the other terms of the plan and requirements of law are met.

   Plan payments will result in a distribution to unsecured creditors of approximately 16%.

**3.** Classification **and Treatment of Claims.** Only those claims duly filed or otherwise allowed by the court will be paid. If a discrepancy exists between the amount of a secured claim as filed and the amount of the secured claim set forth in this plan, the plan will control.

Class 1. Claims entitled to administrative priority pursuant to 11 U.S.C. ~ *503* and *507*. The trustee will pay class 1 claims in full by equal deferred cash payments as follows:

   A. Attorney fees   pre-petition payment *$1000.00*
   B.                 to be paid by trustee -*$694.00*
                      Total fees & expenses - *$1694.00*

Class 2. Claims entitled to priority pursuant to ii U.S.C. ~ *507*. The trustee will pay class 2 claims in full, in deferred payments, unless the holder of a particular class 2 claim agrees to different treatment. These claims include:

      Internal Revenue Services    1997 taxes due      $114.83

This Creditor will receive the full amount of its claim.

Class 3. <u>Secured claims paid in full through the plan</u>. A creditor's secured claim will be the net amount due as of the date of filing or the value of the collateral to which the creditor's lien attaches, whichever is less. Interest will be allowed at the contract rate or <u>0 %</u> interest, whichever is less. The creditor will retain its lien until the allowed secured portion of the claim is fully paid. The unsecured deficiency portion will be paid in Class 7 if the creditor files a timely proof of claim for the deficiency.

| Claimant | Collateral | FMV | Claim Amount | Unsecured Balance |
|---|---|---|---|---|
| Retail Services-Recovery Services, P.O. Box 60103 City of Industry, CA 91716-0107 | 360 Kawasaki | -0- | $6575.00 | $6575.00 |

Class 4. <u>Defaults Cured</u>. These claims are to cure defaults and arrearages for debts on which the last payment is due after the date on which the final payment under the plan will be made. Full payment of the amounts specified will cure all arrearages and cause all defaults to be waived notwithstanding the terms of any agreement between the parties to the contrary. In the absence of written objections, the amount necessary to cure an arrearage and obtain waiver of default will be determined to be the amounts set forth below. The trustee will pay the following claimants pro rata:

| Claimant | Collateral | Arrearage | Term | % interest |
|---|---|---|---|---|
| Wells Fargo Financial | Debtor's home | $1586.91 | 44 | 9.27 |

Class *5*. <u>Secured Claims for Which Collateral is Surrendered</u>. The debtor(s) will surrender the collateral to the creditors set out below. The claimant is deemed unsecured and treated pursuant to the provisions of Class 7 if the amount of the claim exceeds the collateral value shown, or exceeds the amount obtained at a foreclosure sale, and if the creditor files a timely proof of claim for the unsecured deficiency.

| Claimant | Collateral surrendered | FMV | Unsecured Balance |
|---|---|---|---|

Class 6. <u>Specially classified unsecured claims</u>.

    A. Co-debtor claims: The trustee will pay the following co-debtor claims, together with interest, as follows:

| Co-debtor Claimant | Amount | % interest |
|---|---|---|

    B. Secured Liens Avoided: The debtors request that the plan be confirmed to avoid the following lien claims under 11 U.S.C. § 522(f). The underlying claims are deemed unsecured and treated under Class 7 if the creditor files a timely proof of claim.

| Secured Claimant | Collateral Lien Avoided (describe collateral) |
|---|---|

Class 7. <u>Unsecured claims</u>. All other creditors not scheduled above are deemed unsecured without priority and will be paid pro rata from at least the total sum of <u>$5288.17</u> or approximately 18% of filed unsecured claims including the unsecured balance for Retail Services Recovery for the 360 Kawasaki.

Class 8. <u>Unmodified Claims</u>. Claimants not provided for in the plan will be paid directly by the debtor(s) in accordance with the contract terms. The unmodified claimants will retain any and all interests in property of the debtor(s) or the estate:

| Creditor | Collateral | Value |
|---|---|---|
| Wells Fargo | Mgt. 185 W. Pavillion Rd. | 103,000.00 |

OTHER PROVISIONS

      1.    Executory Contracts Rejected. The Executory contracts and unexpired leases set out below are rejected and the collateral that is or may be the subject of the leases is abandoned.
NONE

      2.    Executory Contracts and Unmodified Secured Claimants Assumed. The following leases and Executory contracts are assumed. Upon confirmation, the debtor(s) will cure all defaults and pay the claimants directly in accordance with the terms and conditions of the respective contracts:
    NONE

      3.    Re vesting of Property: Confirmation of the plan vests all property of the estate in the debtor(s) except as otherwise stated:

      4.    Application of Proceeds to Debt: In all cases where a creditor applies sale or insurance proceeds to a debt treated in this plan, the creditor must file an amended proof of claim within 15 days of such application.

      *5.*    Order of Disbursements: The trustee will disburse from payments received under the plan in the following order:

      a.)    Administrative claims allowed under §~ *503(b)* and *507(a) (1)* concurrently; and then concurrently

      (b)    All other classes of claims pro rata.

UNS WORN DECLARATION UNDER PENALTY OF PERJURY

I (We), the undersigned debtor(s), declare under penalty of perjury that the statements contained in the foregoing Chapter 13 plan are true and correct to the best of my/our knowledge, information, and belief.

Dated: 12/06/2006            /S/   Norman D. Erickson
                           Signature of Debtor

Dated:  12/06/2006           /S/   Carol W. Erickson
                           Signature of Debtor

/S/Donald J. Rissler
Donald J. Rissler
107 S. Broadway, Ste 214
Riverton, WY 82501
(307) 856-2231
Attorney for Debtors

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In re:                                              )
Norman D. Erickson                                  )
And                                                 )     Case No 05-21933
Carol W. Erickson                                   )     CHAPTER 13
Debtors                                             )

## CHAPTER 13 PLAN SUMMARY
## PLAN DATED 12/04/2006

A. Total debt provided under the plan and administrative expenses

    1. Attorney Fees     $694.00
    2. Mortgage Arrearages     $1888.04
    3. Secured Claims (list)     $0.00
    4. Priority Claims (list)     $114.83
    5. Separate Class of Unsecured Claims     $0.00
    6. All other unsecured creditors     $5288.17

    Total payments to above creditors     $7985.04
    Trustee percentage fee     $798.00
    Total debtor payments to the plan     $8783.04

B. Reconciliation with Chapter 7

1.    a. Value of real property     $103,000.00
    b. Value of personal property     $7500.00
    c. Value of avoidable transfers     $0.00
    d. Less secured claims on real and personal property     (102,000.00)
    e. Less applicable exemptions, separately applied to values     (4825.00)
    f. Less unsecured priority claims     ( 0 )
    g. Less estimated chapter 7 administrative expenses and costs (1000.00)
    Total paid under hypothetical chapter 7 to unsecured creditors  $1675.00

2. Percent of unsecured, non-priority claims paid under the plan     18%

3. Estimated percentage of unsecured,
 Non-priority claims paid if chapter 7 were filed     4 %

Dated: 12/06/2006 _____/S/\_\_Norman D. Erickson_____
Signature of Debtor

Dated: 12/06/2006 _____/S/\_\_Carol W. Erickson_____
Signature of Debtor

Dated: 12/06/2006 _____/S/\_Donald J. Rissler_____

Donald J. Rissler
Attorney for Debtor(s)